UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORENE SMITH,

         Plaintiff,  **No. 6:16-cv-06320(MAT)**
              **DECISION AND ORDER**

    -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

         Defendant.

---

## INTRODUCTION

Represented by counsel, Lorene Smith ("Plaintiff") instituted this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying her application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## PROCEDURAL STATUS

Plaintiff protectively filed an application for SSI on November 5, 2012, alleging disability beginning January 6, 1992; this claim was denied initially on February 19, 2013. Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

requested a hearing, which was held before administrative law judge Brian Kane ("the ALJ") on September 12, 2014. (T.41-83).[2] Plaintiff appeared with her attorney and testified, as did impartial vocational expert Carol G. McManus ("the VE"). The ALJ issued an unfavorable decision on December 22, 2014. The Appeals Council denied Plaintiff's request for review on March 24, 2016, making the ALJ's decision the final decision of the Commissioner. This timely action followed.

The parties have cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual summaries contained in the parties' briefs. The record will be discussed in more detail below as necessary to the resolution of this appeal. For the reasons that follow, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings.

## ANALYTICAL FRAMEWORK

To qualify for disability benefits under 42 U.S.C. § 423(d)(1)(A), a claimant must establish his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than

---

[2] Citations in parentheses to "T." refer to pages from the certified transcript of the administrative record.

twelve months." Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004). The Commissioner's regulations set forth a five-step sequential evaluation that the ALJ must follow when evaluating disability claims. See 20 C.F.R. §§ 404.1520, 416.920. In cases where there is medical evidence of drug addiction or alcoholism, the ALJ is required to perform a secondary analysis. Pursuant to 42 U.S.C. § 423(d)(2)(C), even if a claimant qualifies for disability benefits under the five-step analysis, the claimant "shall not be considered disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled". 42 U.S.C. § 423(d)(2)(C); see also 20 C.F.R. §§ 416.935(a), 404.1535(a). In determining whether a claimant's alcohol or drug abuse is a "material" factor, an ALJ is required to apply the following process codified at 20 C.F.R. §§ 416.935, 404.1535(b):

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 416.935(b), 404.1535(b). "The claimant bears the burden of proving that drug or alcohol addiction was not a contributing factor material to the disability determination." Newsome v. Astrue, 817 F. Supp. 2d 111, 126–27 (E.D.N.Y. 2011) (citing White v. Comm'r of Soc. Sec., 302 F. Supp.2d 170, 173 (W.D.N.Y. 2004); Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007) (internal quotations omitted); Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000); Doughty v. Apfel, 245 F.3d 1274, 1280 (11th Cir. 2001); Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999)).

**DISCUSSION**

Plaintiff contends that the ALJ's materiality finding was legally erroneous and unsupported by substantial evidence because he failed to first determine her physical impairments *with* substance and alcohol abuse before assessing which, if any, of her physical impairments would remain if she stopped abusing drugs and alcohol. Plaintiff seeks remand of the case for further administrative proceedings; she does not seek reversal and calculation for payment of benefits. As discussed further herein, the Court agrees that the ALJ erred by not performing an RFC assessment regarding Plaintiff's physical limitations.

Here, at step two of the five-step sequential evaluation process, the ALJ determined that Plaintiff had the following "severe" impairments: Guillain-Barré Syndrome ("GBS"),[3] obesity, alcoholism, and cocaine dependence. (T.36). The ALJ then found that while abusing substances, Plaintiff met Section 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). (T.37). Unlike other disorders in the Listings, "§ 12.09 does not have its own set of requirements." Pettit v. Apfel, 218 F.3d 901, 902 (8th Cir. 2000) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.00A ("The structure of the listing for substance addiction disorders, 12.09, is also different from that for the other mental disorder listings. Listing 12.09 is structured as a reference listing; that is, it will only serve to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes resulting from regular use of addictive substances."). Under the version of the Regulations in effect at the time of the ALJ's decision, Section 12.09 provided as follows:

> 12.09 Substance Addiction Disorders: Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system. The required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied.

---

[3]

GBS is "a disorder in which the body's immune system attacks part of the peripheral nervous system. The first symptoms of this disorder include varying degrees of weakness or tingling sensations in the legs. In many instances the symmetrical weakness and abnormal sensations spread to the arms and upper body." https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Guillain-Barr%C3%A9-Syndrome-Fact-Sheet (last accessed May 22, 2017).

> A. Organic mental disorders. Evaluate under 12.02.
> B. Depressive syndrome. Evaluate under 12.04.
> C. Anxiety disorders. Evaluate under 12.06.
> D. Personality disorders. Evaluate under 12.08.
> E. Peripheral neuropathies. Evaluate under 11.14.
> F. Liver damage. Evaluate under 5.05.
> G. Gastritis. Evaluate under 5.00.
> H. Pancreatitis. Evaluate under 5.08.
> I. Seizures. Evaluate under 11.02 or 11.03.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.09(A)-(I)). Therefore, to find that Plaintiff met the requirements for § 12.09, the ALJ had to find that Plaintiff's alcohol and substance addiction resulted in at least one of a number of other specified listings.

The ALJ determined that Plaintiff's "*mental impairments*, including the substance use disorders, meet listing 12.09," because the "'paragraph A' criteria [sic] are satisfied because the claimant has peripheral neuropathies (12.09E)." (emphasis supplied). This finding is legally erroneous and unsupported by substantial evidence for several reasons. First, it is unclear to this Court how Plaintiff's mental impairments are pertinent to, are caused by, or have symptoms of, her "peripheral neuropathies." The "peripheral neuropathies" to which the ALJ refers, based on the record, are the symptoms of Plaintiff's GBS, which she developed following having pneumonia at age 19. (T.255). She was hospitalized for approximately seven months and required a tracheostomy; since that time, she reports, her legs have felt achy and weak, and she cannot wiggle her toes. (E.g., T.255).

Second, there is no "Paragraph A" criteria in Listing 12.09. Nor is there any "Paragraph A" criteria in Listing 11.14, under which the "peripheral neuropathies" referenced in Section 12.09E are to be "[e]valuate[d]." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.09(E).

Third, the ALJ did not evaluate Plaintiff's "peripheral neuropathies" under the correct listed impairment, which is Section 11.14, as specified in Section 12.09E. Section 11.14 states as follows

> Peripheral neuropathies. With disorganization of motor function as described in 11.04B, in spite of prescribed treatment.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 11.14. Section 11.04B in turn states as follows:

> Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 11.14B.

The ALJ then proceeded to assess what he termed the "paragraph B" criteria, and found that Plaintiff had "marked" limitations in maintaining concentration, persistence, or pace; and "marked" limitations in social functioning, when she is abusing substances and alcohol. However, it is unclear which listed mental impairment's "paragraph B" were utilized by the ALJ.

After determining that Plaintiff had "marked" limitations in the domains of social functioning and maintaining concentration,

-7-

persistence, or pace, the ALJ concluded that Plaintiff "met" Listing 12.09. At this point, the ALJ ceased applying the five-step sequential evaluation[4] and moved on to assessing the "materiality" of Plaintiff's substance and alcohol abuse disorders.

Significantly, at no point during the initial five-step evaluation process did the ALJ assess the limitations arising from Plaintiff's "severe" physical impairments of GBS and obesity. Indeed, the ALJ did not assess Plaintiff's physical residual functional capacity ("RFC")—with or without substance and alcohol abuse—at any point during the decision. Instead, the ALJ summarily concluded that Plaintiff would be capable of performing sedentary work if she stopped abusing alcohol and cocaine. This was not a correct application of the Regulations pertaining to assessment of the "materiality" of a claimant's substance abuse disorder on her disability claim. See, e.g., Newsome v. Astrue, 817 F. Supp.2d 111, 134-35 (E.D.N.Y. 2011).

In Newsome, the ALJ first determined that if the claimant's alcohol abuse was removed from the equation, any mental impairments caused by his alcoholism and seizure disorder would resolve. 817 F. Supp.2d at 134. The district court did not take issue with this finding, which it found was supported by substantial evidence. Id. However, the district court found, the ALJ "did not follow the

---

[4] However, as detailed above, the ALJ's determination that Plaintiff met Listing 12.09 is flawed.

proper procedure of going through the five-step process before making a materiality determination with respect to the [claimant]'s impairments that cause physical limitations[,]" id., including Newsome's symptoms of neuropathy, deep vein thrombosis, and pain following a hip fracture. "Rather than first determining [Newsome]'s present physical limitations and then assessing which would remain if [Newsome] stopped drinking alcohol, the ALJ made an RFC assessment that [Newsome] could perform sedentary work without taking into account any disabling symptoms causing physical limitations that he determined were attributable to [Newsome]'s alcohol abuse." Id.

Contrary to the Commissioner's contention, Newsome is directly apposite to this case. The ALJ here made exactly the same error that was made by the administrative law judge in Newsome. The Commissioner attempts to distinguish Newsome by arguing that the ALJ in that case was required to consider the claimant's physical limitations in the presence of substance abuse only because the ALJ did not find the claimant met a listing. This is based on a misreading of Newsome. At no point in that case did the district court suggest that the ALJ would not have erred had he found that the claimant met a listing first. See Newsome, 817 F. Supp.2d at 134-35. Rather, as is the case here, factors crucial to the ALJ's decision—namely, whether the claimant's and Plaintiff's physical or exertional limitations permitted the performance of sedentary

work—were not set forth with sufficient specificity to enable this Court or the Newsome court to decide whether those determinations were supported by substantial evidence. Id. (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984) ("On the basis of the ALJ's insufficient findings here, we cannot determine whether his conclusory statement that Ferraris could carry out sedentary work is supported by substantial evidence.")).

The Commissioner also argues that the ALJ here was not required to consider Plaintiff's physical limitations in the presence of substance abuse because the ALJ found Plaintiff met Listing 12.09. This argument is meritless, and the Court has found no legal authority to support it. Moreover, as discussed above in this Decision and Order, the ALJ failed to properly apply Section 12.09 of the Listings.

As the district court explained in Newsome, "[a]lthough applying the wrong legal standard might not require reversal if the error did not affect the outcome, that is not the situation here[,]" id. at 135, where "[u]nlike the ALJ's findings, the RFC assessments by the [claimant]'s treating and examining physicians are based on all of the [claimant]'s symptoms, not just those that exist independent of the alcohol abuse . . . ." Id.; see also id. at 137 ("While the medical evidence reflects that [Newsome]'s alcohol abuse was a contributing factor to his abdominal pain and the numbness and pain in his lower extremities, the record is

equally clear that none of the treating physicians expressed an opinion regarding what the severity of [Newsome]'s pain would be if he abstained from alcohol consumption. Thus, the ALJ's conclusion that all of [Newsome]'s impairments that caused physical limitations would be resolved if he stopped drinking was nothing more than a guess."). Such is the case here. The ALJ's conclusion that, if Plaintiff stopped abusing alcohol and drugs, *all* of her impairments that cause physical limitations and symptoms would resolve is based on pure speculation. It certainly is not based on any medical opinion, because the only opinions in the record, from consultative physicians Harbinder Toor, M.D., and Karl Eurenius, M.D., are based on all of the Plaintiff's symptoms; neither opinion separates out those symptoms and limitations that exist independent of her alcoholism and drug abuse. Thus, as in Newsome, there is a lack of substantial evidence in the record supporting the ALJ's RFC assessment of Plaintiff's physical limitations. Newsome, 817 F. Supp.2d at 134. Therefore, the Commissioner's decision must be reversed and the matter remanded. Id. at 134-35 (citing Orr v. Barnhart, 375 F. Supp.2d 193, 201 (W.D.N.Y. 2005) (remanding to require the ALJ "to consider the ill effects that [claimant]'s alcoholism had on her impairments and limitations" when determining the issue of disability and "only after finding that [the claimant] is disabled, determine which impairments would remain if [the claimant] stopped using alcohol"); Frederick v. Barnhart, 317 F.

Supp.2d 286, 293 (W.D.N.Y. 2004) (reversing ALJ's decision where "the ALJ never determined whether, absent alcohol abuse, [the claimant]'s mental impairments would still meet the severity of Listing 12.04 . . ."); Lunan v. Apfel, No. 98-CV-1942, 2000 WL 287988, at *8 (W.D.N.Y., Mar. 10, 2000) (reversing ALJ's decision where ALJ failed to determine whether the claimant was disabled prior to finding that alcoholism was a contributing factor material thereto)).

## CONCLUSION

For the reasons discussed above, the Court finds that the Commissioner's decision contains legal error and was not supported by substantial evidence. Accordingly, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 23, 2017
         Rochester, New York.